**LEWIS v. MARTIN.**

No. 4933.

Court of Civil Appeals of Texas. Amarillo.

Oct. 10, 1938.

Rehearing Denied Nov. 7, 1938.

Dennis Zimmermann, of Tulia, and Glenn R. Lewis, of San Angelo, for appellant.

Underwood, Johnson, Dooley & Wilson, of Amarillo, for appellee.

JACKSON, Chief Justice.

R. S. Lewis, the appellant, instituted this suit in the District Court of Swisher County against A. P. Martin, the appellee, to recover damages for personal injuries, medical bills and car repairs in the sum of $4,146.35, occasioned by an automobile collision claimed to have resulted from certain negligent acts of the appellee which are sufficiently disclosed in the findings of the jury set out below.

The appellee answered by numerous exceptions, general denial and pleaded that appellant was guilty of certain acts of contributory negligence, which appear in the verdict here set out.

The jury found in response to the special issues submitted that the appellant reached the intersection where the collision occurred prior to the time the appellee did; that appellee drove his automobile into and against appellant's car; that he was operating his car at the time of the collision with insufficient brakes; that each of such acts were negligence and each a proximate cause of appellant's injuries; that the appellant suffered damages aggregating the sum of $605.85; that he could see as he approached that appellee might enter the intersection, but neither the speed at which appellant was driving, more than twenty miles per hour, nor his failure to slow down constituted negligence or was a proximate cause of the collision; that the appellant, as he approached the intersection, failed to keep such a lookout as a person of ordinary prudence would under similar circumstances, and such failure was negligence and a proximate cause of appellant's damages, but that appellant had his automobile under control as he approached the intersection.

On these findings judgment was entered that plaintiff take nothing by his suit and defendant go hence without day and recover his cost.

The uncontroverted testimony shows that appellant was driving west on a state highway and appellee was driving north on a road intersecting said highway, and that the collision occurred on said intersection.

The appellant challenges as error the action of the court in rendering judgment

against him upon the finding of the jury that he was guilty of contributory negligence in failing to keep a lookout for approaching vehicles as he neared the intersection where the collision occurred and that such failure was the proximate cause of the collision since the jury found on sufficient testimony that appellee was approaching the vehicle of appellant from the right, and, on account thereof, appellant was not required to keep a lookout for vehicles, but was authorized to rely absolutely on the observance by appellee of article 801 of the Penal Code, which provides that:

"The operator of a vehicle approaching an intersection on the public highway shall yield the right-of-way to a vehicle approaching such intersection from the right of such first named vehicle."

Appellant does not challenge the sufficiency of the testimony to support the finding that he was negligent in failing to keep a lookout and that such negligence was a proximate cause of the injuries, but contends that as a matter of law he was relieved of the exercise of ordinary care and was authorized to assume absolutely that appellee would in all events protect him by yielding the right of way.

■ In American Grocery Co., Inc. v. Abraham, 94 S.W.2d 1231, writ dismissed, the Court of Civil Appeals says [page 1232]:

"While it is true that article 801 (E) requires the operator of a motor vehicle approaching an intersection to yield the right of way to a vehicle approaching the intersection from his right, this statute, as said by the Beaumont Court of Civil Appeals, must be given a reasonable interpretation. Jimmie Guest Motor Co. v. Olcott, 26 S.W. 2d 373."

Southland-Greyhound Lines, Inc. v. Richardson, Judge, et al., 126 Tex. 118, 86 S.W.2d 731, was a suit for personal injuries claimed to have been inflicted in an automobile collision in which the jury found the plaintiff guilty of contributory negligence in not keeping a lookout, notwithstanding he was driving on the side of the highway where he had a lawful right to be. Commissioner Smedley, speaking for the court, says [page 734]:

"The jury found that plaintiff was driving his car at a rate of speed in excess of 15 miles an hour at the time of the collision, and that he failed to keep a lookout, and then in answer to issues separately submitted found that each of these acts of the plaintiff constituted contributory negligence as defined in the charge. In so finding the jury answered that the acts were negligent and that they were proximate causes, because the definition of contributory negligence in the court's charge as hereinabove quoted includes these two essential elements. The definition given is an approved definition. Martin, Wise & Fitzhugh v. Texas & P. Ry. Co., 87 Tex. 117, 121, 26 S.W. 1052; Koons v. Rook (Tex. Com.App.) 295 S.W. 592, 593, 597.

" *     *     *     *     * ,     *

"Judgment should have been rendered for the defendant, because the verdict found acts of negligence on the part of the plaintiff and that such acts, concurring or co-operating with negligent acts of the defendant, were proximate causes of the injuries."

See, also, El Paso Electric Railway Co. v. Benjamin, Tex.Civ.App., 202 S.W. 996; Cruse v. Chacon, Tex.Civ.App., 67 S.W. 2d 399, writ dismissed.

■ The authorities from other jurisdictions are in substantial harmony in holding that a law which gives the operator of a car the right of way does not unqualifiedly relieve him from the exercise of such care as an ordinarily prudent person would exercise under the same or similar circumstances.

In Gray et ux. v. Southern Auto Wreckers, Inc., La.App., 166 So. 154, it is said [page 156]:

"Even when one has the right of way, he is not relieved from the necessity of looking into the direction from which others may be expected to approach, and where such care would, as is the case here, have prevented the accident, he who fails to look cannot recover, even though the other party was grossly at fault."

In Haney v. Woolford, 124 Pa.Super. 208, 188 A. 405, the court holds [page 406]:

"The superior right of one who is first at an intersection does not relieve him of his duty to use reasonable care, under the circumstances, to avoid an accident."

In Dembicer v. Pawtucket Cabinet & Builders Finish Co., Inc., R.I., 193 A. 622, it is said [page 625]:

"The right of way rule is not absolute but relative, and subject to the qualification that a person entitled to claim that right will exercise it with proper regard for the safety of himself and others. In-

sistence upon the right given by this rule, when ordinary prudence in the circumstances dictates otherwise, may be entirely inconsistent with the exercise of due care."

In Block v. Peterson, 284 Mich. 88, 278 N.W. 774, the court holds [page 777]:

" 'While the law accords the right of way, it requires, as well, the exercise of at least "horse sense." The statute does not authorize one, in approaching a high-way crossing, to assume that in all events he may proceed without looking, or, if unable to see, without exercising precaution commensurate with reasonable prudence.'
* * *

"The statutory right of way is not an assurance of safety, nor of absolute right under all conditions. Both parties must use due care. A driver cannot continue to assume the one on the left will accord him the right of way when the circumstances would indicate the contrary to a reasonable person. * * * Though plaintiff may have had the right of way at the intersection, the duty was incumbent upon him to exercise reasonable care for his own safety. One must exercise due care when attempting to cross streets and intersections, whether on foot or driving an automobile. One is not free from contributory negligence who observes an automobile coming on the intersecting street and then proceeds to cross without giving further heed to the oncoming vehicle until the instant before or at the time of collision."

■ The existence of negligence or contributory negligence is a question of fact to be determined by the jury, whose finding is conclusive if supported by the evidence. Cruse v. Chacon, supra; Harsha v. Renfro Drug Co., Tex.Civ.App., 77 S.W.2d 584. When a plaintiff is guilty of contributory negligence in failing to keep a lookout and such failure is a proximate cause of his damages, such negligence entitles the defendant to a judgment. Southland-Greyhound Lines, Inc. v. Richardson, Judge, et al., supra; Townsend v. Young, Tex.Civ.App., 114 S.W.2d 296.

■ In view of the unchallenged finding of the jury that appellant was guilty of contributory negligence in failing to keep a lookout and such failure was a proximate cause of his damages, we do not feel warranted in holding that as a matter of law the trial court should have disregarded such finding and rendered a judgment for appellant.

In our opinion, the decision in Schuhmacher Co. v. Bahn, Tex.Civ.App., 78 S. W.2d 205, does not conflict with the conclusion we have reached, since the holding therein is based upon and sustained the verdict of the jury in the following language [page 207]:

"We therefore conclude that the evidence fully sustains the finding of the jury that the negligence of appellee in failing to look to the left neither proximately caused nor contributed to cause the collision, when tested by the often stated and settled rule in this state, 'that proximate cause is a question of fact for the jury. It can only become a question of law when the facts and circumstances are such but that one reasonable conclusion can be drawn therefrom.' "

The appellant assails as error the action of the court in rendering judgment against him on the findings of the jury because there is an irreconcilable conflict, he contends, between the findings that he was negligent in failing to keep a proper lookout and such failure was a proximate cause of his injury and the other findings of the jury which acquitted him of contributory negligence in entering upon the intersection, failing to slow down, driving in front of appellee's car, etc.

■ The duty of the court is to reconcile the findings of a jury and it is only when such findings are destructive of each other that the courts reverse because of a conflict which cannot be reconciled. Traders & General Ins. Co. v. Ross, Tex.Com. App., 117 S.W.2d 423.

■ The jury found that appellant was not guilty of negligence in traveling at the speed he was driving when he entered the intersection, but since the intersection was wide and appellant's car was struck on the left rear fender and appellee was turning to the right at the time of the collision, the jury may have concluded if appellant had kept a lookout that he could have avoided the collision by the exercise of ordinary care in accelerating the speed of his car, but without a lookout the impending collision was unknown to him until too late, for him to speed up, change his course, or in fact, do anything to avoid the injuries.

In Townsend v. Young, District Judge, Tex.Civ.App., 114 S.W.2d 296, the court held that a finding of the jury that a pedestrian, who, at the change of the traffic signal, stepped into and started to cross the street without looking to the left for a bus

that had already entered the intersection, was not in conflict with the finding that the pedestrian was not guilty of negligence in starting to cross the street.

Under the record and these authorities, this assignment is overruled.

The judgment is affirmed.