**TODD et ux. v. LA GRONE.**

No. 6516.

Court of Civil Appeals of Texas. Texarkana.

June 22, 1950.

Rehearing Denied Nov. 16, 1950.

Gordon R. Wellborn, Henderson, for appellants.

George W. Dowdy, Henderson, Long & Strong, Carthage, for appellee.

HALL, Chief Justice.

Virginia Sue Todd, joined by her husband, Walter C. Todd, appellants, instituted this suit against Cecil LaGrone, appel-

lee, for damages arising from the alleged wrongful death of Virginia Todd's father Jewel McCormack, caused by a collision between McCormack's truck and appellee's car. Virginia is the only heir of Jewel McCormack, deceased. The cause was tried to a jury, and upon the findings of the jury both appellants and appellee made motions for judgment. Appellants' motion was overruled and appellee's granted. Judgment was entered that appellants take nothing by their suit.

Appellants' first point asserts that the trial court erred in refusing to disregard the findings of the jury in answer to special issues Nos. 40, 41 and 42, for the reason that there was no evidence in the record raising such issues.

It is undisputed that the collision between appellee's car and Jewel McCormack's truck occurred at the intersection of two highways in the little town of Mt. Enterprise at about eleven o'clock at night. The two highways cross at right angles, the one from Henderson to Nacogdoches runs in a north and south direction and the one from Rusk to Timpson in an east-west direction. At the intersection of these two highways is a blinker light so constructed that an amber light flashes north and south and a red light flashes east and west. There is a stop-sign placed on the east and west highway near its intersection with the north and south highway. At the time of this tragic wreck, Jewel McCormack was driving his cattle truck coming from the south going toward Henderson and appellee, LaGrone, was driving his car from the west toward Timpson. The testimony of appellants is that appellee's car was approaching the intersection at a high rate of speed while appellee's testimony is that he had reduced his speed and had his car under control when he entered the intersection. Appellee testified further that he did not see the stop-sign before he entered the intersection. He did see the blinker light but didn't notice the color of the light facing him. Appellee's car was struck on its right side by the McCormack truck and was knocked or carried some 30 feet to the northeast angling across the intersection and landed on the top or side of another car. Appellee's daughter was accompanying him in his car and was killed in the collision. Jewel McCormack was badly injured, was carried to the hospital at Henderson and died three or four days later, never regaining consciousness. The front of the McCormack truck was demolished. The circumstances show that the wreck occurred a little north and east of the center of the intersection. The jury found: (1) That at the time of the collision appellee was operating his car at a speed in excess of 30 miles per hour; (2) that appellee failed to stop his car at the stop sign just before the collision; (3) that appellee failed to keep a proper lookout just before and at the time of the accident; and (4) that he failed to stop at the red light just before and at the time of the collision. Each of these acts of negligence was found to be a proximate cause of the death of Jewel McCormack, and each of such findings are supported by the evidence; some of them by the admissions of appellee. On the other hand the jury found: (1) Appellee, LaGrone, did not fail to keep his car under proper control at the time of the collision; (2) that he did not fail to apply the brakes to his car at the time of the collision; (3) that he did not fail to retard the speed of his car as he approached the intersection just before the collision; (4) that he failed to turn his car to the right of the highway just before and at the time of the collision but that such failure did not constitute negligence; (5) that he was not operating his car at the time and place of the collision at a dangerous and excessive rate of speed; and (6) that he was not operating his car at a speed in excess of 55 miles per hour at the time of the accident.

The jury found that Jewel McCormack, deceased, was operating his pick-up at a rate of speed in excess of 30 miles per hour at the time of the collision but that such action was not a proximate cause of the death of Jewel McCormack.

The jury also found that the deceased Jewel McCormack did not fail to reduce his speed in approaching the highway crossing, nor the highway lights and signs placed at said crossing in question. The

jury also found the deceased, Jewel McCormack did not operate his pick-up truck at an excessive and dangerous rate of speed at the time and place in question. The jury found further that the deceased Jewel McCormack failed to keep a proper lookout at the time of the collision, that such failure was negligence and constituted a proximate cause of his death. These last were answers to spscial issues Nos. 40, 41 and 42, and are the answers appellants sought by their motion to have the trial court disregard as being without support in the evidence.

As heretofore pointed out appellee testified that he had his car under control as he approached the intersection and the jury so found. He admitted that he did not see the stop-sign as he approached the crossing nor did he notice the color of the blinker light facing him which the evidence shows was red. The evidence is also undisputed that he did not bring his car to a stop before entering the intersection of the highway. Appellee testified that the first knowledge he had of the approaching McCormack truck was when the light showed up almost upon him. The physical facts show without any dispute that the McCormack truck ran into the right side of appellee's automobile and knocked it quite a distance. This is shown by photographs accompanying the record. The right side of appellee's automobile shows to be smashed and driven in from the back of the hood to the rear fender on its right-hand side. The front of McCormack's truck shows to be demolished. These circumstances together with the testimony of appellee that he approached the crossing with his car under control just before the collision, in our opinion, furnished sufficient circumstantial evidence to support the jury's answers to 40, 41 and 42. It is true that the jury found that the deceased Jewel McCormack observed the stop-sign and the blinker light, still there is nothing in the record to show that he observed or kept a proper lookout for automobiles approaching to his right or left on the east-west highway. It may be argued, of course, that McCormack did not have to anticipate that appellee would disregard a stop-sign and a red light before entering the intersection, but the evidence shows that appellee did just that and a proper lookout by McCormack would have apprised him of this fact. It is thought that a person approaching a crossing such as the one in question cannot close his eyes to approaching cars from his right and left but must use ordinary care in keeping a proper lookout for his own safety regardless of the signal lights and signs that might be placed at said crossing. Edson v. Perry-Foley Funeral Home, Tex. Civ.App., 132 S.W.2d 282 (dis., correct judgment), Lewis v. Martin, Tex.Civ.App., 120 S.W.2d 910 (writ refused); and authorities there cited. Had McCormack looked to his left as he entered the intersection he certainly would have observed appellee's car approaching.

Appellants assert that the answer of the jury finding that deceased McCormack did not fail to observe the signs of the road and the blinker light and the answer that he failed to keep a proper lookout are in irreconcilable conflict. We do not think so. The deceased could have observed all highway signs and markers and yet could have failed to keep a proper lookout with respect to persons traveling the east and west highway. It is the duty of the trial court to reconcile the findings of the jury unless they are destructive of each other. Traders & General Ins. Co. v. Ross, 131 Tex. 562, 117 S.W.2d 423. The issues do not destroy each other but are reconcilable. Lewis v. Martin, supra; Townsend v. Young, Dist. Judge, Tex.Civ. App., 114 S.W.2d 296.

This case furnishes a tragic example resulting from the failure of motorists to exercise ordinary care while operating their vehicles upon the highways. Common sense will teach us that if either driver had kept a proper lookout for approaching traffic at the intersection, the lives of two persons would not have been lost. Both parties to this collision have suffered irreparable loss. Appellants have lost their father and appellee his young daughter. We are not prepared to say that the jury

did not correctly view the whole tragic situation in writing their answers to the issues.

The judgment of the trial court is affirmed.