### ELMO v. UNITED STATES.
### No. 14624.

United States Court of Appeals,
Fifth Circuit.

Feb. 9, 1954.

Rehearing Denied March 26, 1954.

See also, 5 Cir., 197 F.2d 230.

Ernest L. Sample, Beaumont, Tex., for appellant.

Warren G. Moore, U. S. Atty., William M. Steger, U. S. Atty., Tyler, Tex., Leonard E. Choate, Asst. U. S. Atty., Beaumont, Tex., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and RIVES, Circuit Judges.

HUTCHESON, Chief Judge.

Brought under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671 et seq., the suit was for damages for personal injuries resulting from a collision with a government owned jeep at a street intersection in Beaumont, Texas.

The claim was that while, as she had a right to do, plaintiff was crossing Gladys Street at its intersection with Mariposa, a federal employee, operating a government jeep at a high and exces-

sive rate of speed, in failing to keep a proper look out and in failing to stop, negligently drove said jeep upon and against the body of plaintiff causing her serious physical injuries.

The defenses were a denial of plaintiff's claim of negligence, and that plaintiff was contributorily negligent while attempting to cross the street in that: (1) she failed to keep a proper look out; (2) she walked out from behind a vehicle into the approaching traffic; (3) she suddenly left the curb or other place of safety; (4) she walked or ran into the path of the government's vehicle; and (5) she crossed the street at a place other than a marked cross walk.

The case was fully heard, both plaintiff and the driver of the jeep testifying. At the conclusion of all the evidence, the district judge finding in substance:[1] that the driver of the jeep was guilty of negligence in failing to keep a proper look out; that such negligence was the proximate cause of the accident and resulting injuries to plaintiff; but that the plaintiff was guilty of contributory negligence in failing to keep a proper look out, and such contributory negligence was the proximate cause of the accident and resulting injuries to the plaintiff; found and adjudged that plaintiff was not entitled to recover and that judgment should be rendered in favor of the United States; and judgment was entered accordingly.

Appealing from that judgment, plaintiff is here insisting, in brief and oral argument, that in so finding, holding, and adjudging, the district judge erred, because, assuming that the plaintiff failed to keep a proper look out, that failure could not, under Texas law, constitute a proximate cause of the accident or injury in this, that at the time of the injury she was in a cross walk where she had the right of way and she was not, therefore, obliged to anticipate or fore-

---

1. In detail his findings were as follows:

1. That the plaintiff's cause of action is brought under and by virtue of the Federal Tort Claims Act (28 U.S.C. 1346 (b)) for personal injuries sustained by the plaintiff.

2. That on the 10th day of February, 1950, Arthur Lejeune, Jr. was a unit caretaker of Company C, 111th Engineers, 36th Division, Texas National Guard, and at all times material to this cause of action was acting within the scope of his employment as such unit caretaker, and in that capacity was an employee of the United States acting within the scope of his office and employment as a federal employee.

3. That on the 10th day of February, 1950, Arthur LeJeune, Jr., acting within the scope of his employment as above set forth, was driving a motor vehicle assigned to the aforesaid Texas National Guard Unit, in an easterly direction on Gladys Street, and while crossing the intersection of Mariposa Street with Gladys Street, in the City of Beaumont, Jefferson County, Texas, the said Motor Vehicle collided with the plaintiff, Gracie Elmo, who was a pedestrian crossing from the North side of Gladys Street to the South side thereof.

4. That at the time and place of said accident, the plaintiff, Gracie Elmo, was in the unmarked crosswalk at or near the corner intersection of Gladys Street with Mariposa Street, in Beaumont, Jefferson County, Texas.

5. That the said Arthur LeJeune, Jr., while acting within the scope of his employment as above set forth, was guilty of negligence in failing to keep a proper look out and such negligence was the proximate cause of the accident and resulting injuries to the plaintiff.

6. That the said plaintiff, Gracie Elmo, while crossing from the North side of Gladys Street to the South side thereof, was guilty of contributory negligence in failing to keep a proper look out and such contributory negligence was the proximate cause of the accident and resulting injuries to the plaintiff.

7. That as a direct and proximate result of the accident in question the plaintiff, Gracie Elmo, sustained personal injuries of a permanent nature.

8. That the plaintiff, Gracie Elmo, is not entitled to recover judgment against the defendant, United States of America, by virtue of the hereinabove stated contributory negligence on the part of the plaintiff in failing to keep a proper look out while crossing Gladys Street and such contributory negligence being a proximate cause of the accident in question.

9. That judgment in this cause should be rendered in favor of the defendant, United States of America, and against the said plaintiff, Gracie Elmo.

see that the driver of the jeep would negligently run into her. In support of this view, she exhaustively discusses Section 77, Article 6701d, Vernon's Texas Revised Civil Statutes and Section 51 of the Traffic Ordinance of the City of Beaumont, which gives pedestrians in cross walks the right of way at intersections such as the one where she was struck, and cites and discusses authorities which she claims support her view.

Agreeing that statutes and ordinances such as the one invoked by her do not confer an absolute, but only a relative or comparative right, she yet insists that they do confer a sufficiently definite and positive right to prevent the failure to anticipate that a vehicle will be, and to observe that it is being, negligently driven into collision with her, from being said to be a proximate cause of an injury resulting from such negligence, since one crossing at a cross walk where she has a right to be may assume and reasonably count upon it that vehicles using the street will not be driven negligently into collision with her.

Of the many cases which she cites, mention may be made of these upon which she particularly relies: Firestone Tire & Rubber Co. v. Rhodes, Tex.Civ. App., 256 S.W.2d 448; Texas & New Orleans R. Co. v. Brannen, 140 Tex. 52, 166 S.W.2d 112; Kuykendall v. Doose, Tex.Civ.App., 260 S.W.2d 435; and Volkmer v. Curlee, Tex.Civ.App., 261 S.W.2d 870.

Pointing to the evidence of the driver that he had slowed nearly to a stop when he approached the intersection, appellant argues that she had the right to assume, under the authorities above cited, that the driver would not pick up speed again and strike her, and that her failure to keep a look out against his negligence ought not, indeed cannot, be regarded in law as the proximate cause of the injury so as to deprive her of recovery.

To these arguments, appellee replies by citing many cases from Texas and elsewhere holding that, though one may have the right of way, he is not, because of this fact, excused from the exercise of due care for his own safety.

To appellant's argument that, in view of the driver's evidence that the jeep slowed down, she should be excused from not anticipating that it would negligently run her down, appellee replies that this argument completely fails in the face of plaintiff's evidence that she did not see the jeep until it hit her and in the face of the evidence of the driver of the jeep, corroborated by circumstances, and evidently credited by the district judge, that plaintiff was not openly and visibly in the cross walk but that she came out suddenly from behind a car and walked in front of the jeep.

In support of this argument, appellee quotes freely from plaintiff's testimony that she did not see the jeep until she heard the brakes *screak* and the jeep hit her. In further support of its position, that there was duty on appellant, appellee quotes from the Beaumont City ordinance which, while giving the pedestrian a right of way, imposes a duty upon him in the following language: "But no pedestrian shall suddenly leave a curb or other place of safety and walk or run into the path of a vehicle which is so close that it is impossible for the driver to yield."

Upon the basis of plaintiff's testimony and the finding of the district judge that plaintiff was contributorily negligent and her negligence was the proximate cause of the injury, appellee, citing many cases, with particular emphasis on the case of Todd v. La Grone, Tex.Civ.App., 234 S.W.2d 99, Lewis v. Martin, Tex.Civ. App., 120 S.W.2d 910, and Edson v. Perry-Foley Funeral Home, Tex.Civ. App., 132 S.W.2d 282, where the trial court rendered judgment for the defendant on a jury finding that the plaintiff was negligent in not keeping a look out and such negligence was the proximate cause of the injuries, urges upon us that the case was a fact case and that the findings and judgment appealed from may not be overturned. Drawing also on the jurisprudence of other states, appellee cites many cases,.

including Gray v. Southern Auto Wreckers, Inc., La.App., 166 So. 154, holding "Even when one has the right of way, he is not relieved from looking into the direction from which others may be expected to approach."

Analyzing and discussing the Texas cases relied on by appellant, and pointing out that the decision in each case turned on its particular facts, appellee insists that their holdings are in no wise contrary to the view of the district judge as to the duty of care owed by a pedestrian and that the contributory negligence of a pedestrian may be the proximate cause of the injury.

Upon a careful consideration of the facts as the record sets them out, the findings of the judge, and the law as it is declared in the authorities cited by appellant and appellee, we find ourselves unable to agree with the appellant that the district judge's findings are unsupported and should be set aside and the judgment reversed. We are, on the contrary, of the opinion: that the record furnishes no warrant for our setting aside the fact findings of the judge; and that the judgment must be

Affirmed.