**Evelyn Ann INTGES, Appellant,**

v.

**Elmer L. DUNN, Appellee.**

No. 13205.

Court of Civil Appeals of Texas.

Houston.

March 20, 1958.

Rehearing Denied April 17, 1958.

Combs, Brock & Mitchell, Houston, Richard S. Kennedy, of counsel, Houston, for appellant.

F. Warren Hicks, Sidney Farr, Houston, for appellee.

WOODRUFF, Justice.

This is an appeal from the judgment rendered on a jury's verdict by the District Court of Harris County denying appellant, Evelyn Ann Intges, a recovery against appellee, Elmer L. Dunn, for injuries sustained by her when the automobiles which they were driving collided at the intersection of Broadmoor and Scharpe Streets in the City of Houston shortly after noon on January 15, 1955. The weather was damp and misty and appellant was driving her 2-door Ford south on Broadmoor and appellee was going west on Scharpe. Both streets were 30 feet wide, black-topped with concrete curb and gutters. The collision occurred in the northwest quadrant of the intersection when the appellee's automobile struck the appellant's automobile just behind its door on the lefthand side.

In answer to Special Issues Nos. 1 and 2 the jury found that appellee failed to keep a proper lookout, which was a proximate cause of the collision. By their answers to Special Issues Nos. 3, 4, 5 and 6 it was found that appellant entered the intersection at the same time or before the appellee; that appellee failed to yield the right of way, which was negligence and a proximate cause of the collision. By Special Issues Nos. 7 through 12 the jury found that appellee did not fail to have his automobile under proper control, nor was he driving at a negligent rate of speed, and he did not fail to keep a proper lookout.

In response to Special Issues Nos. 13 and 14 the jury found that appellant failed to make such application of her brakes as a reasonably prudent person would have made, and such failure was a proximate cause of the collision. By Special Issues Nos. 15 and 16 the jury found that she was not driving at an excessive rate of speed, but in response to Special Issues Nos. 17 and 18 they found that she failed to maintain such control of her car as a reasonably

prudent person would have done and that such failure was a proximate cause of the collision. After finding the collision was not an unavoidable accident, the jury found appellant's damage to be $2,700.

Appellant moved the court to disregard Special Issues Nos. 13 and 14, and 17 and 18, and to enter judgment in her behalf for $2,700, and, in the alternative, to declare a mistrial. The trial court, however, overruled such motion and entered judgment on the verdict that appellant take nothing, to which action of the court appellant duly excepted. Appellant filed a motion for new trial which was in due time amended and upon being overruled by operation of law she perfected her appeal.

By Point 1 appellant assigns as error the refusal of the trial court to render judgment for her and to disregard, as immaterial, the jury's answers to Special Issues Nos. 13 and 14 finding that appellant failed to make a proper application of her brakes, which was found to be a proximate cause of the collision, because under the jury's findings in response to Special Issues Nos. 3, 4, 5 and 6 she had the right of way and appellant was under no legal duty to anticipate that appellee would not stop his car at the intersection.

It is deemed essential to this discussion to set forth a résumé of the pertinent testimony.

Mrs. Intges testified that she was proceeding south on Broadmoor about 20 to 25 miles per hour and as she approached its intersection with Scharpe Street she slowed down by applying her brakes to 20 miles per hour. Upon looking to her right and then to her left, she saw appellee's car coming west on Scharpe Street about 20 to 30 feet from the intersection. Without any further application of her brakes she started across the intersection, she said, at the same rate of speed. Automatically she looked again, first to the right and then to the left, whereupon she saw that appellee's car was then "practically on top" of her automobile. She stated from what hap-·

pened the appellee did not "slow down his car" after she first saw him because he "got to" her automobile too quickly. Neither did she slow her car from the time she entered the intersection until the collision occurred. She testified that if she had applied her brakes to stop at the time she slowed down at the intersection she could have stopped, and that she felt certain she could have stopped in time to have avoided the collision. She made no effort, so she said, to turn her car to the right when she was in the intersection "because there was no time for that."

The police officer who investigated the accident was offered as a witness by the appellant. He stated that appellee Dunn told him he was driving about 30 miles per hour when he first saw appellant and that he immediately hit his brakes.

Appellee Dunn testified that his car was traveling west on Scharpe Street and when he was about 10 feet from its intersection with Broadmoor he first saw Mrs. Intges' automobile. At that time she was about the same distance from the intersection as he was. Both he and appellant, so he said, were going about the same speed—of 25 miles per hour—and as soon as he saw her he applied his brakes and they entered the intersection "pretty close to the same time" but she kept going at the same rate of speed.

The proof showed that both streets were 30 feet wide and that Dunn's car traveled 16 feet into the intersection before it struck appellant's car. The point of collision was one foot west of the center line of Broadmoor. Appellant's car was struck back of the door on the left side, and the force of the collision swerved it to the right. It continued on Broadmoor in a southerly direction, striking the curb and a tree at the southwest corner of the intersection and came to rest in an upright position some 32 feet from the point of the collision facing in an easterly direction on Broadmoor.

Appellee testified that just before the collision he turned his car to the right in an

effort to avoid hitting appellant's car, but the impact "drug" his car slightly to the left. He further stated that his car "pretty near stopped when they went together" and "did not proceed forward."

Appellant does not challenge the sufficiency of the evidence to support Special Issues Nos. 13 and 14, finding that she failed to make a proper application of her brakes which was a proximate cause of the accident, but contends that such finding should be disregarded and that judgment should have been entered in her behalf.

She fervently argues that the jury having found, in response to Special Issues Nos. 3, 4, 5 and 6, that she had the right of way, she thereby acquired the right to proceed through the intersection without stopping, and that she was under no legal duty to anticipate the negligent conduct on appellee's part in failing to stop his car at the intersection, nor was she under any legal duty to make an application of her brakes or to stop her car.

In support of her position appellant cites Buchanan v. Lang, Tex.Civ.App., 247 S.W. 2d 445, writ ref. n.r.e.; Schuhmacher Co. v. Bahn, Tex.Civ.App., 78 S.W.2d 205, dism.; Evans v. Rush, Tex.Civ.App., 254 S.W.2d 799; and Roddy v. Herren, Tex.Civ.App., 125 S.W.2d 1057, no writ history. Although these cases involved intersectional collisions between motor vehicles, the fact findings in the trial court not only established in each case that the appellee had the right of way but in addition thereto he was completely exonerated of all contributory negligence. These opinions, therefore, are based upon fact findings entirely different from those here and the holdings are not sufficiently applicable to the questions raised here to warrant their discussion. In the main they do no more than to hold that ordinarily in these cases the issue of contributory negligence is one of fact and not of law.

Appellant has cited several cases which involved fact situations where the courts have held that contributory negligence was not established by the proof, as a matter of law. The first case is Minugh v. Royal Crown Bottling Co., Tex.Civ.App., 267 S. W.2d 861, error ref. There a motorcyclist traveling in a lefthand lane of a 2-lane arterial highway was attempting to pass a truck traveling in the same direction in the righthand lane and was struck by the truck when the driver gave no warning signal before turning to the left at an intersection. It was held that the fact finding of contributory negligence on the part of the motorcyclist was not sustained by the evidence, as a matter of law. The fact situation there clearly demonstrates both the complete absence of any opportunity for the motorcyclist to foresee as a reasonably prudent person the erratic movement of the truck without any warning or signal, and also his complete inability to do anything to avoid the collision. The same distinction in its factual aspects is also present in the case cited by appellant, Firestone Tire & Rubber Co. v. Rhodes, Tex.Civ.App., 256 S.W.2d 448, no writ history, involving a head-on collision.

We believe the same basic distinction is present in the case of Dallas Railway & Terminal Co. v. Straughan, Tex.Civ.App., 254 S.W.2d 882, 884. The situation which confronted the appellee was created by the unusual movements of the bus in slowing down for a stop sign which the appellee saw immediately before it stopped, followed by the sudden entry of the bus into the intersection, which the appellee discovered and immediately applied his brakes, skidded his wheels, and used all possible means to avoid the collision. Even in this instance, however, the trial court submitted issues on the appellee's failure to keep a proper lookout and operating his automobile at a greater rate of speed than was reasonable, both of which were found in appellee's favor. The appellant there was complaining of the refusal of the trial court to submit additional requested issues inquiring if appellee was negligent in failing to apply his brakes "sooner than he actually did" and if his failure to turn his automobile to the left immediately prior to the collision was neg-

ligence. The Court of Civil Appeals affirmed the action of the trial court because there was no evidence even tending to show that the appellee could have applied his brakes sooner after suddenly discovering the bus in front of him, or that he had time to avoid the collision by turning to the left after seeing the bus suddenly appear in front of him. We are unable to see that the holding in that case is pertinent here.

The rule is often stated that a person is not bound to anticipate negligence or unlawful conduct on the part of another. Texas & N. O. R. Co. v. Brannen, 140 Tex. 52, 166 S.W.2d 112; Seinsheimer v. Burkhart, 132 Tex. 336, 122 S.W.2d 1063. However, it does not necessarily follow, as a matter of law, that a person who has the right of way at an intersection is under no duty to exercise such care for his own safety as a reasonably prudent person would exercise under the same or similar circumstances. Thus, every person proceeding along and across a public thoroughfare is under the duty at all times to maintain a proper lookout and a proper control of his vehicle for his own safety, and may not proceed blindly and heedlessly in disregard of dangers that might reasonably be anticipated to exist. De Winne v. Allen, 154 Tex. 316, 277 S.W.2d 95; Blunt v. H. G. Berning, Inc., Tex.Civ.App., 211 S.W.2d 773, writ ref.; Brown v. Dallas Ry. & Terminal Co., Tex.Civ.App., 226 S.W.2d 135, writ ref.; Tidy Didy Wash v. Barnett, Tex. Civ.App., 246 S.W.2d 303, writ ref. n. r. e.; Johnson v. East Texas Motor Freight Lines, Tex.Civ.App., 271 S.W.2d 708.

In the frequently cited case of Lewis v. Martin, Tex.Civ.App., 120 S.W.2d 910, writ ref., the appellant instituted suit against appellee to recover damages sustained by him when their automobiles were involved in an intersectional collision. In response to special issues the jury found that appellant reached the intersection before appellee; that appellee drove his automobile into appellant's car; that he had insufficient brakes; and that each of such acts constituted negligence and a proximate cause

of appellant's damage. It was also found that appellant, as he approached the intersection, failed to keep such lookout as an ordinarily prudent person under the same or similar circumstances would have kept which was negligence and a proximate cause of the collision. On these findings judgment was entered in the trial court for the defendant denying appellant a recovery.

The appellant assigned as error the action of the trial court in rendering judgment against him upon the findings of the jury that he was guilty of contributory negligence in failing to keep a proper lookout for approaching vehicles as he neared the intersection, and that such failure was the proximate cause of the collision, since the jury had also found that the appellee was approaching the automobile of appellant from the right and therefore appellant was not required to keep a lookout for vehicles to his left because under Article 801 of the Penal Code he had the right of way and, as a matter of law, he was relieved of the duty to exercise ordinary care and was authorized to assume that appellee would in all events protect him by yielding the right of way.

After reviewing a number of authorities in Texas and other jurisdictions, the Court of Civil Appeals held that the statutory right of way is not an absolute right under all conditions, and although a party may have the right of way at the intersection the duty is incumbent upon him to exercise reasonable care for his own safety. And since the jury found that appellant was guilty of contributory negligence in failing to keep a proper lookout, which was a proximate cause of his damages, it could not be said as a matter of law that the trial court should have disregarded such findings and rendered a judgment for the appellant. In its opinion the court quoted from Dembicer v. Pawtucket Cabinet & Builders Finish Co., Inc., 58 R.I. 451, 193 A. 622, where it was said [120 S.W.2d 912]:

" 'The right of way rule is not absolute but relative, and subject to the

qualification that a person entitled to claim that right will exercise it with proper regard for the safety of himself and others. Insistence upon the right given by this rule, when ordinary prudence in the circumstances dictates otherwise, may be entirely inconsistent with the exercise of due care.'"

The court concluded that the existence of negligence or contributory negligence is a question of fact to be determined by the jury, whose finding is conclusive if supported by the evidence and that when a plaintiff is guilty of contributory negligence in failing to keep a proper lookout, and such failure is a proximate cause of his damages, such negligence entitles the defendant to a judgment. The court, therefore, affirmed the judgment of the trial court.

In the case of Watts v. Dallas Railway & Terminal Co., Tex.Civ.App., 279 S.W.2d 400, 404, writ ref., n. r. e., appellant and her husband sued the bus company for injuries sustained by her when the automobile which she was driving collided with the side of a bus which had been driven into the intersection against a red light. Although the bus driver was found guilty of several acts of negligence, which were found to be a proximate cause of the collision, the jury also found that appellant failed to allow the defendant's bus time to clear the street intersection before she entered the same, and that such failure was negligence and a proximate cause of the collision.

The Court of Civil Appeals in affirming the trial court's judgment denying appellants a recovery based in part upon the act of contributory negligence, said:

"Such split-second time table must yield to the realities of the situation; and if Mrs. Watts was in position to observe the offending bus even prior to its entry into the intersection, and that its movement was such as to indicate an intention to disregard the immediate red light, she was duty bound

to surrender her superior right to the crossing in interest of personal safety and that of others. This was a jury question under the instant facts; the principle involved being one of general acceptance. 164 A.L.R., Annotations, p. 68 et seq.

*     *     *     *     *     *

"* * * Though the bus was wrongfully in the intersection, appellants' right of way thereto was not absolute, but subject to the qualification that she must exercise it with due care for her own safety. Brown v. Dallas Ry. Co., Tex.Civ.App., 226 S.W.2d 135. As correctly stated by counsel for appellee, 'The same theory of law which requires the plaintiff's wife to keep, a lookout applies with equal force to the requirement that even though the defendant's bus was wrongfully in the intersection, Mrs. Watts' superior right to occupy and use that intersection over the right to such use by the defendant does not permit her to run the defendant down, where it is within her power by the use of proper care to give the defendant an opportunity to escape from the collision though the defendant should not have been in the intersection.'"

The jury's findings in this case are in accord with the testimony to the effect that when appellant approached the intersection of Broadmoor and Scharpe Streets she applied her brakes and reduced the speed of her automobile to 20 miles per hour; continuing at that speed she proceeded toward the intersection and immediately before entering it she saw appellee's automobile approaching within 20 to 30 feet therefrom, which placed it from 35 to 45 feet from the center line of Broadmoor. At that time, so the proof shows, appellee's car was traveling about 25 to 30 miles per hour. Appellee testified that he first saw appellant's car when he was about 10 feet from the intersection. If the jury accepted this testimony, which it evidently did, appellant saw no slowing down in the movement of ap-

pellee's car. In that situation she entered the intersection and continued straight ahead toward the path of appellee's automobile which was traveling between 37 and 44 feet per second. Appellant admitted, however, that if she had applied her brakes immediately before entering the intersection she could have stopped and avoided the collision.

The excerpt taken from the decision in Block v. Peterson, 284 Mich. 88, 278 N.W. 774, 777, which was quoted with approval in Lewis v. Martin, supra, is so applicable to this case that we take occasion to quote it here. It reads as follows:

" 'While the law accords the right of way, it requires, as well, the exercise of at least "horse sense." The statute does not authorize one, in approaching a highway crossing, to assume that in all events he may proceed without looking, or, if unable to see, without exercising precaution commensurate with reasonable prudence.' * * *

"The statutory right of way is not an assurance of safety, nor of absolute right under all conditions. Both parties must use due care. A driver cannot continue to assume the one on the left will accord him the right of way when the circumstances would indicate the contrary to a reasonable person. * * * Though plaintiff may have had the right of way at the intersection, the duty was incumbent upon him to exercise reasonable care for his own safety. One must exercise due care when attempting to cross streets and intersections, whether on foot or driving an automobile. One is not free from contributory negligence who observes an automobile coming on the intersecting street and then proceeds to cross without giving further heed to the oncoming vehicle until the instant before or at the time of collision."

■ Assuming that appellant's automobile entered the intersection first and that appellee failed to yield the right of way, and conceding too that appellant was keeping a proper lookout and saw the rapid approach of appellee's automobile within a short distance from the intersection, as she said she did, but nevertheless she failed to apply the brakes on her automobile when a person of ordinary prudence in the exercise of ordinary care under those circumstances would have done so, she thereby failed to exercise due care for her own safety under those circumstances and she is not entitled to recover from the appellee any damages proximately resulting therefrom. Appellant's Point 1 is, therefore, overruled.

■ Appellant, by Point 2, contends in the alternative that the jury's answers to Special Issues Nos. 13 and 14 are in irreconcilable conflict with Special Issues Nos. 3, 4, 5 and 6, and the trial court should have declared a mistrial. It is the trial court's duty to reconcile the findings of the jury, if it can be done, and a judgment rendered on a verdict should be reversed only when the jury's findings are in absolute and hopeless conflict and cannot all be true. Rankin v. Joe D. Hughes, Inc., Tex. Civ.App., 161 S.W.2d 883, refused, w. m.; Ford Rent Co., Inc., v. Hughes, Tex.Civ. App., 90 S.W.2d 290; Lewis v. Martin, supra.

■ We are unable to agree with appellant's contention, that the answers of the jury finding that she failed to make such an application of her brakes as a reasonably prudent person would have made, which proximately caused the collision, are in irreconcilable conflict with the answers to Special Issues Nos. 3, 4, 5 and 6 which found that appellant had the right of way and that appellee failed to yield it to her, which was negligence and a proximate cause of the collision.

In Stehling v. Johnston, Tex.Civ.App., 32 S.W.2d 696, 697, the appellant contended the jury's finding that he had the right of way was "inconsistent and incompatible"

with the finding that he failed to keep a proper lookout and therefore the trial court erred in rendering judgment against him. In overruling the contention, the court said:

"Having such right of way may give the traveler a certain technical legal status of superiority over his fellows thereabouts, but as a practical matter it gives him but scant assurance of safety from the recklessness or carelessness of others not so positioned and knowing or caring but little for his technical advantage. He is still under the duty of protecting himself from such heedless acts of others, as may be anticipated or foreseen from his point of vantage, whatever and wherever it is. Here, the jury found that, although appellant may have had the right of way, yet, being so positioned, he failed to keep such lookout 'as a person of ordinary prudence would have kept under the same or similar circumstances'; * * *".

The case of Johnson v. East Texas Motor Freight Lines, Tex.Civ.App., 271 S.W.2d 708, 711, involved an intersectional collision and although the automobiles were traveling in opposite directions that fact is immaterial as we see it in considering the principle of law involved. There, in response to Special Issue No. 18 in that case, the court found that the plaintiff's car entered the intersection ahead of the defendant's truck; and, by Special Issue No. 19 the truck driver failed to yield the right of way to the automobile. By Special Issues Nos. 21–A and 23 the jury did not find that the plaintiff failed to have her automobile under proper control, nor did she fail to keep a proper lookout. However, in response to Special Issues Nos. 28, 29 and 30 the jury found that plaintiff drove her automobile directly into the path of the truck and that this was negligence, which was a proximate cause of the collision.

Upon appeal the plaintiff contended that the jury's responses to Special Issues Nos. 28, 29 and 30 should be disregarded because they were not supported by the evidence, and that judgment should have been rendered for the plaintiff; and, in the alternative, the plaintiff contended that the findings were in irreconcilable conflict and therefore the trial court erred in rendering judgment for the defendant. The Court of Civil Appeals overruled both contentions and, in holding that such findings were not in irreconcilable conflict, said:

"We are unable to agree that the findings made by the jury in response to special issues 28, 29 and 30 are in irreconcilable conflict with the findings made in response to special issues 18, 19, 21–A and 23, even when the negative findings made to issues 21–A and 23 are construed as positive findings that the driver of the automobile both had it under proper control and was keeping a proper lookout. Even though the automobile entered the intersection first, and the truck failed to yield the right-of-way, and even though the driver of the automobile may have had it under proper control and may have been keeping a proper lookout, such driver, in the exercise of bad judgment, even while looking directly at the truck, may yet have undertaken to cross in front of it, when a person of ordinary prudence, in the exercise of ordinary care, even though believing himself to be entitled to the right-of-way, would not have undertaken to do so.

"We are likewise unable to agree that the law of the case precluded, or rendered of no legal effect, the findings made by the jury in response to special issues 28, 29, and 30. For at least two reasons, we cannot accede to appellants' argument that since the automobile entered the intersection ahead of the truck, and its driver had given a proper signal of her intention to make a left-hand turn, the automobile was, as a matter of law, entitled to the right-of-way, and that, such being the case, the act of the driver of the automobile

in driving it into the path of the truck cannot, in law, be either negligence or a proximate cause of the collision. In the first place, for reasons presently to be stated, we cannot agree that under the evidence the automobile was indisputably and as a matter of law entitled to the right-of-way. In the second, even if she was technically entitled to the right-of-way, the driver of the automobile was still under the duty of exercising due care for the safety of herself and others. Stehling v. Johnston, Tex.Civ.App., 32 S.W.2d 696, writ refused; Lewis v. Martin, Tex.Civ.App., 120 S.W.2d 910, writ refused; Jimmie Guest Motor Co. v. Olcott, Tex.Civ.App., 26 S.W.2d 373; Checker Cab Co. v. Wagner, Tex.Civ.App., 199 S.W.2d 791; Tidy Didy Wash, Inc., v. Barnett, Tex.Civ.App., 246 S.W.2d 303, writ refused. Whether or not she exercised such care was a matter to be determined on the whole of the evidence."

Although the appellant had the right of way, she was nevertheless under the duty of exercising due care for her own safety. The jury having found, in answer to Special Issues Nos. 13 and 14, that she failed to make such application of her brakes as would have been made by a person of ordinary prudence, which was a proximate cause of the collision, she was not entitled to recover and the findings were in nowise in conflict with the jury's answers given in response to Special Issues Nos. 3, 4, 5 and 6. Johnson v. East Texas Motor Freight Lines, supra, and cases therein cited.

Appellant's Point 2 is, therefore, overruled.

As we view the question involved on this appeal, we might well omit the discussion of the other two points raised by appellant because the ruling on Points 1 and 2 requires an affirmance of the trial court's judgment. However, we have decided to discuss appellant's Points 3 and 4 also. By these points appellant contends that the answers to Special Issues Nos. 17 and 18, finding that Mrs. Intges failed to maintain a proper control of her automobile, which was a proximate cause of the collision, is not supported by sufficient evidence; and, in the alternative, that they are in irreconcilable conflict with Special Issues Nos. 3, 4, 5 and 6.

In this connection the testimony showed that appellant drove her car straight into the intersection and never turned it to the right. Appellee said that he did not see appellant's car until he was about 10 feet from the intersection, at which time he "hit his brakes". The proof further showed that the point of impact was one foot west of the center line of Broadmoor, which left 8 feet of roadway between the righthand side of appellant's automobile and the curbing line on Broadmoor without giving any consideration to the additional area on Scharpe Street as it continued west from the intersection. Appellant testified that she drove her car straight into the intersection and did not turn her car to the right. When the collision occurred, appellee's car practically stopped at the point of impact.

■ In testing the sufficiency of this evidence to support the findings in response to Special Issue No. 17, that the appellant failed to maintain proper control of her automobile, it must be borne in mind that it is our duty as a reviewing court to consider the evidence in the light most favorable to the party obtaining the verdict and rejecting all evidence favorable to the other party. Kirksey v. Southern Traction Company, 110 Tex. 190, 217 S.W. 139; Olds v. Traylor, Tex.Civ.App., 180 S.W.2d 511, writ ref.; Texas Employers' Ins. Ass'n v. Brown, Tex.Civ.App., 309 S.W.2d 295.

■ Tested by this rule we believe that the appellant's testimony admitting that she failed to make any application of her brakes or to turn her car to the right to any extent warrants the inference that it was due to a failure on her part to have her automobile under proper control, and the jury

was warranted in so concluding. The jury could have readily concluded that if appellant had had proper control of her car, she could have made some application of her brakes and turned her car to the right some 3 to 5 feet and that the appellee's car would have stopped before hitting her automobile in view of appellee's testimony that he had "hit his brakes" 10 feet before entering the intersection and that his car had practically stopped when the collision occurred. It is our opinion that the jury's answers in response to Special Issues Nos. 17 and 18 find ample support in the evidence.

What we have said in discussing appellant's contention that Special Issues Nos. 13 and 14 are in irreconcilable conflict with Special Issues Nos. 3, 4, 5 and 6 is equally applicable here. We are unable to accord any merit to that contention and, therefore, Points 3 and 4 are overruled.

The judgment of the trial court is affirmed.