**Duane STEGORA, Appellant,**

v.

**TEXAS STEEL COMPANY et al., Appellees.**

**No. 11863.**

Court of Civil Appeals of Texas, Austin.

Jan. 5, 1972.

Rehearing Denied Jan. 26, 1972.

John Davenport, Fairy Davenport, Austin, for appellant.

House, Mercer, House & Brock, John C. Wilson, Austin, for appellees.

PHILLIPS, Chief Justice.

Appellant Duane Stegora, the Plaintiff below, brought this suit against Texas Steel Company and Kenneth F. Stapleton, Appellees here, for property damages in-

curred in a collision between his automobile and a truck-trailer of Appellee Texas Steel Company. Appellee's truck-trailer was operated by Stapleton at the time of the accident.

Judgment was entered for Appellees on jury findings, hence this appeal.

We affirm.

In the early afternoon of March 18, 1970, Appellant approached the intersection of Hergotz Lane on the Bastrop Highway in Austin. He was driving in a northwesterly direction on the Bastrop Highway. As Appellant approached the intersection, a 50-foot truck-trailer of Appellee Texas Steel Company, operated by Stapleton, pulled out into the highway and Appellant's automobile skidded under the side of the truck-trailer. Appellant's automobile was damaged and he brought suit for $2,400.00.

The jury found that Appellee Stapleton's failure to yield to the vehicle driven by Appellant was negligence, that such failure was a proximate cause of the accident, that Stapleton failed to keep such a lookout as a person using ordinary care would have kept, and that such failure was a proximate cause of the accident.

However, the jury further found that Appellant failed to keep such a lookout as a person using ordinary care would have kept, that such failure was a proximate cause of the accident, that Appellant was driving at a greater rate of speed than a person using ordinary care would have driven and that this also was a proximate cause of the accident.

The question before us is the quantum of evidence in support of the jury's finding of contributory negligence with respect to Appellant's failure to keep a proper lookout and the finding of excessive speed. It is Appellant's contention that the accident was inevitable not by what he had done or failed to do but by virtue of the fact that the truck driver pulled the truck slowly but immediately in front of him, disregarding and violating the "yield" right-of-way sign facing him. That the truck driver had yielded to another truck which he previously saw in approximately the same position as Appellant's vehicle but that he pulled out in front of Appellant anyway, never once glancing at Appellant's car again, as he began to shift and accelerate. That these were the only causes of the collision as shown by the direct and circumstantial evidence in the case.

We do not agree with this contention. We hold that there is sufficient evidence to sustain the finding of contributory negligence. Appellant testified that he saw the truck being driven by Stapleton at a point, approximately, seven hundred feet away. Stapleton stated that he had seen Appellant's vehicle at a point when it was over seven hundred feet away from the intersection. Stapleton testified that at this point, he started to move his truck across the highway. If the jury chose to believe this testimony, it could well have decided that had Appellant been keeping a proper lookout he could have avoided the accident. Certainly, the testimony raises a fact question that was decided against Appellant.

Appellant cites Holland v. Collins, 457 S.W.2d 177 (Tex.Civ.App.1970, writ ref. n. r. e.) as authority that he was not required to anticipate an unlawful or negligent act on the part of Stapleton. Holland differs from the case at bar in that the court apparently found that under the facts before it, there was no way that the Appellant could have anticipated Appellee's conduct.

It is undisputed that Appellant had an unobstructed view of the intersection in question and, from the testimony of the truck driver, he should have realized that the truck was crossing the street long before the time when he first became aware of the truck's movement, approximately two hundred fifty feet from the intersection. The Supreme Court has held in Lynch v. Ricketts, 158 Tex. 487, 314 S.W. 2d 273 (1958), that even though a Plaintiff

is not required to anticipate the commission of an unlawful or negligent act, he is not allowed to simply close his eyes with regard to circumstances around him. In this regard see Lewis v. Martin, 120 S.W. 2d 910 (Tex.Civ.App.1938, writ ref.); Intges v. Dunn, 311 S.W.2d 877 (Tex.Civ. App.1958, writ ref. n. r. e.).

■ It is also elementary that both negligence as well as contributory negligence may be inferred from the circumstances surrounding an event, so that it is not necessary to prove these elements by positive and direct testimony. Wallace v. Spencer Construction Co., 452 S.W.2d 17 (Tex.Civ. App.1970, writ ref. n. r. e.).

■ We also hold that there is sufficient evidence of probative force to support the finding of the jury that Appellant was driving at a greater rate of speed than a person using ordinary care would have driven and that this was a proximate cause of the accident. Appellant himself testified that he was traveling at 50 miles per hour prior to the time he applied his brakes. He also testified that on the date of the collision it had been raining from the time he entered his car and started driving, up until the time the collision actually occurred and that it was raining hard enough at the time of the collision so that it was necessary for him to use his windshield wipers. He further testified that he knew the street was slippery because of the rain. This testimony in itself is sufficient to allow the jury to determine that Appellant was traveling at a speed in excess of that of an ordinary prudent person immediately before the collision occurred. Since Appellant testified that he knew the street was wet and slick, the jury may well have been of the opinion that an ordinary prudent person would have been driving slower than 50 miles per hour when there was other traffic on the street. A determination as to speed on the basis of the testimony elicited at trial by the Appellant was solely within the discretion of the jury and is a matter upon which they are

entitled to draw conclusions and inferences based on such testimony. The cases cited above in support of Appellee are equally applicable here.

The judgment of the trial court is affirmed.