Camille DE WINNE and wife, Appellants,

v.

William ALLEN, By and Through His Guardian Ad Litem, Appellee.

No. 12947.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 28, 1955.

896

Baskin, Casseb & Casseb, John Gilliland, San Antonio, for appellants.

Emmett Shelton, Fred B. Werkenthin, W. O. Bowers, III, Austin, for appellee.

NORVELL, Justice.

We reversed the judgment and remanded this case to the trial court with instructions to render judgment on the verdict of the jury and permit appellants to file a motion for new trial on grounds of jury misconduct, should they so desire. Allen v. De Winne, Tex.Civ.App., 268 S.W.2d 677. Our judgment was modified by the Supreme Court and appellants were permitted to include in a motion for new trial the contention that the jury's answers to Special Issues Nos. 17 and 18 were contrary to the overwhelming preponderance of the evidence, it being the view of the Supreme Court that the wording of Rule 324, Texas Rules of Civil Procedure did not authorize this Court to consider the factual contention of "overwhelming preponderance of the evidence," absent a ruling thereon by the trial court, which could only be presented by motion for new trial. De Winne v. Allen, Tex., 277 S.W.2d 95.

After remand, De Winnie and wife, appellees in this Court upon the former appeal, filed a motion for new trial, which stated no grounds of jury misconduct but presented the contention that the jury's answers to the issues mentioned were against the overwhelming preponderance of the evidence. This motion was overruled by the trial court. By their answers to Special Issues Nos. 17 and 18, the jury found that Mr. De Winne failed to keep a proper lookout, and that such failure was a proximate cause of the collision which gave rise to this lawsuit. The evidence relating to these findings has been detailed in the opinions of the Supreme Court and this Court, heretofore cited. A repetition therefore would serve no useful purpose. We have again reviewed the evidence and have concluded that the trial court correctly overruled the motion for new trial. We hold that the jury's answers to Special Issues Nos. 17 and 18 are not against the overwhelming preponderance of the evidence. King v. King, 150 Tex. 662, 244 S.W.2d 660.

The judgment is affirmed.