**Lucille POWELL, Appellant,**

v.

**Herman SANDERS, Appellee.**

No. 7125.

Court of Civil Appeals of Texas.

Texarkana.

April 21, 1959.

Rehearing Denied May 19, 1959.

**588**

Smith & Smith, Tyler, for appellant.

Kenneth R. King, Ramey, Brelsford, Hull & Flock, Tyler, for appellee.

CHADICK, Chief Justice.

This is a street-intersection collision case. The judgment of the trial court is affirmed.

Appellee, Herman Sanders, as plaintiff, sued appellant, Lucille Powell, as defendant, in a district court of Smith County. He alleged a collision occurred at the intersection of West 5th and South College Streets in the City of Tyler, and that the appellant was guilty of nine separate acts of negligence which jointly and severally were the proximate cause of the collision and Sanders' injuries and damages. Appellant Powell's answers pled four special defenses and set out a cross-action against Sanders in which Sanders is charged with negligence in 10 separate respects, which negligence is alleged to be the proximate cause of injury and damage suffered by appellant Powell.

In a jury trial special issues were submitted and answered by the jury. On appellant's motion the jury's answer to Special Issue 27 was disregarded by the trial court and judgment was entered on the remaining issues. Appellee Sanders was awarded $500 for personal injuries and as a result of disregarding the automobile damage issue (27) he was denied a recovery for property damage. A take-nothing judgment was entered against appellant Powell. Appellant's motion for new trial was overruled and an appeal has been perfected to this Court.

Appellant has briefed eight points of error. Several points are so general as to be vague; however, considering the statement and argument made in connection with them, neither appellee's counsel nor this Court has encountered unusual difficulty in understanding the action condemned as error, and each point has been considered. Appellee briefed eight counterpoints and two cross-points of error. Only the appellant's Points 2, 6, 7 and 8 are necessary to be discussed in making what is thought to be the correct disposition of the appeal.

Discussing Point 2 first: The record shows that the trial court submitted special issues to the jury inquiring if the appellant, Lucille Powell, failed to keep a prop-

er lookout and if such failure was a proximate cause of the collision. The jury answered both in the affirmative. Appellant's motion for new trial assigned as error no evidence to support a finding upon the issue of proper lookout; and failure to submit in connection therewith an issue requiring an affirmative finding that failure to keep a proper lookout constituted negligence under the circumstances of the case.

The collision occurred about 3:20 o'clock on the afternoon of October 11, 1957. Appellant Powell was driving her Dodge pick-up truck in a southerly direction on South College Street and approached, entered and was passing through the intersection of such street with West 5th just prior to collision. At this intersection West 5th is a one-way-traffic street. It lies generally east and west. The one-way traffic flows to the east. Appellee's approach to and entry of the intersection was from the west. Appellant pled and testified that she stopped at the north line of the intersection before entering. There were no cars following to her rear and she saw no cars coming from either direction on West 5th Street while she paused before entering. She looked to her right because that was the way the traffic would be coming from, and she could see clearly to the top of the hill to the westward on West 5th. There was nothing to obstruct her vision. While stopped, she looked to the left, then back to the right. Thereafter, she shifted gears and proceeded into the intersection. The full effect of her testimony, given after her answers developed the facts just related and when cross-examining counsel had directed her attention to the time she had come to a stop before entering, can best be understood by setting it out verbatim, together with questions of counsel:

"Q. All right, I am talking about now before you moved your car. You said you looked to the right twice? A. Yes, sir.

"Q. Before you started moving your car? A. Yes sir.

"Q. Now, the third time you looked to the right was just before the accident happened? A. Just before the accident.

"Q. Is that right? A. The third time just before the accident.

"Q. So, the two times you looked to the right earlier were before you started your truck. Is that right? A. Yes, sir.

"Q. Now, you saw or looked to the right the third time, and you saw a car at that time, is that right? A. Yes, sir; but I was almost across then."

There is other testimony that a driver stopped as defendant claimed to have been stopped at the intersection of West 5th and South College could see a car approaching on West 5th from the direction appellee came for more than 275 feet despite obstructions. Pictures were introduced which together with this other testimony show that there was shrubbery and other obstructions which limited clear vision to the west from appellant's position at the intersection. The investigating policeman located the impact of the collision in the southwest quadrant of the intersection; the skid-marks showed the left wheels of Sanders' vehicle at impact to be parallel to and almost upon the imaginary center line of West 5th. Collision damage was to the front end of Sanders' car and to the right door and front fender region of the pick-up.

From the standpoint of a "no evidence" attack, the evidence related cannot be disregarded. In considering this record to determine whether there is evidence to support the jury's answer to the special issue, this Court must consider that evidence and legitimate inference therefrom in the aspect most favorable to Sanders as he is the party prevailing in the trial court. Blanks v. Southland Hotel, 149 Tex. 139, 229 S.W.2d 357; Hickman v. Hickman, 149 Tex. 439, 234 S.W.2d 410;

Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609; Schiller v. Elick, 150 Tex. 363, 240 S.W.2d 997; Barker v. Coastal Builders, 153 Tex. 540, 271 S.W.2d 798. The jury might have reasonably concluded from this evidence that the appellant did not carefully observe traffic conditions at the time she came to a halt at the traffic intersection, if in fact they believed she did, before proceeding into the intersection. And the jury could find, as a consequence of appellant's own testimony that she did not look again to her right until an instant before collision, together with the evidence that the view to her right was to some degree obstructed, that such lookout as she kept then and after entering the intersection was not that of a prudent person. She was under a duty to continue a proper lookout as the intersection was traversed. Cannady v. Dallas Ry. & Terminal Co., Tex.Civ.App., 219 S.W.2d 816, n. w. h. Having the right of way, if she did, does not excuse her failure to keep a proper lookout. Lewis v. Martin, Tex.Civ. App., 120 S.W.2d 910, wr. ref.; Watts v. Dallas Ry. & Terminal Co., Tex.Civ.App., 279 S.W.2d 400, wr. ref., n. r. e.; Intges v. Dunn, Tex.Civ.App., 311 S.W.2d 877, wr. ref., n. r. e. See 62 A.L.R.2d 275.

■ The second contention under this point, that the trial court erred in failing to submit a subsidiary issue to determine negligence in connection with the issue on proper lookout, is answered adversely to appellant by the rule announced in Morton v. Jasper, Tex.Civ.App., 167 S.W.2d 541, wr. ref. The trial judge gave the definition required by the ruling in the cited case. See also Dallas Ry. & Terminal Co. v. Orr, Tex.Civ.App., 210 S.W.2d 863; 147 Tex. 383, 215 S.W.2d 862; Missouri, K. & T. R. Co. of Texas v. Long, Tex.Civ.App., 23 S.W.2d 401, wr. ref.; Gillette Motor Transport Co. v. Lucas, Tex.Civ.App., 138 S.W.2d 887, wr. dis.

■ Appellant's argument that the fact of submission of Issues No. 1 and No. 12, dealing with failure to stop before entering, and entering the intersection when appellee's vehicle was approaching on 5th Street so closely as to constitute an immediate hazard, amounted to a comment upon the weight of the evidence and compounded the error is not well taken under the rule announced in Mason v. Yellow Cab & Baggage Co., 153 Tex. 344, 269 S.W.2d 329, that if submission of such issues be error it is harmless.

As the statement and argument under Point 6 is understood, it complains that there is no evidence to sustain the jury's verdict awarding appellee $500 as damages for the injuries he received in the collision. It is asserted that the appellee's medical witness was not a treating doctor and therefore "no judgment can be based upon the testimony * * * because the same is hearsay." It is admitted that no objection was made to the admission of the testimony nor motion made to withdraw or strike it after admission. The contention is that the evidence as it now appears in the statement of facts excludes any conclusion except that the witness made an examination for the purpose of becoming a witness and that his testimony relating the history of Sanders' injuries was not admissible and is without probative value. The evidence shows that sometime after injury and after consultation with legal counsel, appellee went to a qualified orthopedic surgeon, and was examined by him. According to such surgeon, when testifying, he saw the appellee two or three times and made an examination and reached a conclusion concerning his condition.

■ Regardless of whether the surgeon was consulted for the purpose of making him a witness or for the purpose of treatment, the doctor is entitled to relate his observations, the objective symptoms found, and opinions based thereon. See Texas State Highway Department v. Fillmon, 150 Tex. 460, 242 S.W.2d 172; Brotherhood of Locomotive Firemen and Enginemen v. Raney, Tex.Civ.App., 101 S.W.2d 863, wr. dis.; United Employers Casualty

Co. v. Marr, Tex.Civ.App., 144 S.W.2d 973, wr. den.; Texas Employers Ins. Ass'n v. Wells, Tex.Civ.App., 207 S.W.2d 693, wr. ref., n. r. e.; Wininger v. Security Mut. Cas. Co., Tex.Civ.App., 120 S.W.2d 614, n. w. h.; National Security Life & Cas. Co. v. Benham, Tex.Civ.App., 233 S.W.2d 334, wr. ref., n. r. e. To the extent that his testimony related to such matters, it was not hearsay and had probative force. As noted, the record shows no objection or motion which would direct the trial judge's attention to any inadmissible evidence, if the judge had concluded the witness was not a treating physician. There was no evidence tending to either contradict or disprove the subjective or objective symptoms of the appellee and the accuracy of the testimony is not questioned. It is also in the record that the appellee testified as to injury he claimed to have been inflicted upon him, and pain and suffering arising therefrom after the collision, as well as the physical limitations he attributed to the injury. No objection was made to his testimony in that respect. In view of the appellee's and the medical witness' testimony, it cannot be said there is no evidence to support the jury's verdict or the judgment of the court. This point must be overruled.

■ Appellant argues that it is undisputed in the record that her pick-up was seriously damaged in the collision, that she herself was injured, unable to work and suffered damages as a consequence thereof, and that the record shows without question that the fault of the collision lay upon appellee Sanders. Also the point is made that the jury answer to Special Issue 27 allowed appellee damage in excess of that shown by undisputed evidence. Upon such premises she bases Points 7 and 8, asserting error of the trial court in rendering judgment because of the prejudice and errors in the record as a whole are cumulative and denied her a fair trial; and that the court erred in not granting her motion for new trial. Supporting the premises of this argument she points out that she is a Negro woman and the appellee is a white man, and contends that prejudice is the only explanation for the jury finding that appellant suffered no damage and finding appellee's damage to his automobile to be $500 when the only witness testifying as to cost placed the cost of repair at slightly over $400.

The record has been carefully examined and it does not sustain appellant's Points 7 and 8. There is no contention that the trial judge in his charge or in the conduct of the case showed any prejudice or ill will towards appellant. Neither is there any contention that any overt conduct or remarks of counsel in any phase of the case indicated a prejudice toward appellant, nor is there any contention of any overt display of prejudice by the jury. In fact, the record is devoid of any hint that the racial origin of either party had the slightest consideration of judge or jury in the course of the trial. If prejudice is evidenced, it must be found from the fact that the jury answered issues unfavorably to her.

■ Finding appellee's car damage to be nearly $100 more than the cost of repair can be accounted for upon a basis other than prejudice. Experienced jurors could very readily conclude that the loss in the value of a car that had been in a collision could exceed the value of cost of repair. A car repaired after collision usually has less value than a similar car which has not undergone damage and repair if such fact is known to buyers. Appellant testified to her injuries and loss and the jury was privileged to accept or reject her testimony in whole or in part. To hold that prejudice is shown simply because the successful party is white and the unsuccessful party is a Negro would mean that no judgment could stand unless it favored the Negro. Where the testimony conflicts one or the other must lose the verdict. As pointed out in the discussion of Point 2, there is evidence supporting the verdict; the same may be said upon the other issues

which were found against the appellant. The cumulative effect of the acts and rulings assigned as error, if erroneous, is not such as to have deprived appellant of a fair trial and there was no error in overruling her motion for new trial.

All of appellant's points have been carefully examined and are respectfully overruled. It would only lengthen the opinion to discuss them.

Appellee's cross-points 1 and 2 have been carefully considered and under the circumstances of the case no abuse of discretion of the trial court is shown in refusing appellee's trial amendment. Both cross-points are respectfully overruled.

The judgment of the trial court is affirmed.