**Charles H. TIPS, Appellant,**

v.

**Daisy GONZALEZ, Appellee.**

**No. 14006.**

Court of Civil Appeals of Texas.

San Antonio.

Nov. 21, 1962.

Charles H. Tips, San Antonio, for appellant.

Clemens, Knight, Weiss & Spencer, San Antonio, for appellee.

MURRAY, Chief Justice.

This is a damage suit growing out of an intersectional collision between two automobiles, one driven by the plaintiff, Charles H. Tips, hereinafter referred to as "Tips", and the other by defendant, Miss Daisy Gonzalez, hereinafter referred to as "Daisy".

The jury found Daisy negligent, and that such negligence was a proximate cause of the collision; it also found Tips negligent, and that his negligence was a proximate of the collision. The trial court rendered judgment based upon the verdict, to the effect that Tips take nothing, and he has prosecuted this appeal.

■ The evidence shows that Daisy had just graduated from Incarnate Word College in San Antonio, and was on her way home, which was located in Del Rio, Texas. She had driven on Broadway many times, but on this occasion was thinking about school being out and that she was on her way home and simply did not notice the traffic light at the intersection of Broadway and Josephine Street; she thoughtlessly drove into the intersection and struck the car being driven by Tips, which was crossing on Josephine Street. The green light favored Tips, and the red light was against Daisy. The evidence amply supported the jury finding that Daisy was guilty of negligence proximately causing the collision.

The only question here raised is the sufficiency of the evidence to support the finding of the jury that Tips was guilty of negligence which was also a proximate cause of the collision. The jury found that Tips did not keep a proper lookout, and that he did not have his automobile under proper control. We shall now discuss the finding on lookout.

The evidence shows that Daisy was driving south on Broadway, and Tips was driving east on Josephine Street. These are two well known streets in San Antonio, Texas. When Tips arrived at the intersection the light was against him so he stopped. A car which was preceding Daisy passed in front of him. After that car passed and after the light changed in his favor he proceeded into the intersection. According to his own testimony, he looked both ways before entering the intersection. He saw the car driven by Daisy approaching the intersection from the north about 50 yards away. He also saw another car approaching from the south. As Tips entered the intersection he saw this car from the south stop at the intersection, and he was looking at this stopped car until Daisy's car was right on top of him and it was too late for him to do anything to avoid the collision.

■■ In viewing the evidence we must consider the testimony in a light most favorable to the finding of the jury. Powell v. Sanders, Tex.Civ.App., 324 S.W.2d 587, no writ history. When the evidence is viewed in this light the jury might well have concluded that Tips was not keeping a proper lookout, by keeping his eyes upon the car that had come to a stop rather than watching the car that was approaching him from the north, which was traveling between twenty and twenty-five miles per hour at the time he saw it some fifty yards away.

■ It is not only required that the driver of a car must look both ways before entering an intersection, even on a green light, but after entering the intersection he must keep up such a lookout for his own safety as a reasonably prudent man would do under the same or similar circumstances. Henderson v. Smith, Tex.Civ.App., 354 S. W.2d 429, no writ history; Joe D. Hughes, Inc. v. Moran, Tex.Civ.App., 325 S.W.2d 829, ref. n. r. e.; Powell v. Sanders, Tex. Civ.App., 324 S.W.2d 587, no writ history; Intges v. Dunn, Tex.Civ.App., 311 S.W.2d 877, ref. n. r. e.; Watts v. Dallas Ry. & Terminal Co., Tex.Civ.App., 279 S.W.2d

400, ref. n. r. e.; Cannady v. Dallas Ry. & Terminal Co., Tex.Civ.App., 219 S.W.2d 816, no writ history; Lewis v. Martin, Tex.Civ.App., 120 S.W.2d 910, ref.; Allen v. De Winne, Tex.Civ.App., 268 S.W.2d 677, modified by Sup.Ct., remanded on other grounds, De Winne v. Allen, 154 Tex. 316, 277 S.W.2d 95, finding of jury held not to be against great weight and preponderance of the evidence by Court of Civil Appeals, 285 S.W.2d 895.

The finding of proximate cause is supported by the evidence because if Tips had kept a proper lookout he might have stopped, turned, sounded his horn, or speeded up to avoid the collision.

The judgment is affirmed.