Lloyd PRESSWOOD, Appellant,

v.

Dorothy JONES et vir, Appellees.

No. 3901.

Court of Civil Appeals of Texas.

Eastland.

July 24, 1964.

Rehearing Denied Aug. 21, 1964.

Yates & Yates, Abilene, for appellant.

Robinson, Wilson & Graham, Abilene, for appellees.

COLLINGS, Justice.

Dorothy Jones and her husband brought suit against Lloyd Presswood seeking damages for injuries to property and to the person of Mrs. Jones, alleged to have been sustained in an automobile accident. The trial was before a jury which found the defendant guilty of acts of negligence proximately causing the damages sustained by plaintiffs. The jury further found that Mrs. Jones was not guilty of the various acts of contributory negligence alleged by defendant. Based upon the verdict, judgment was rendered for plaintiffs. Lloyd Presswood has appealed.

The evidence shows that on April 22, 1963, at about 8:30 a. m., Dorothy Jones was on her way to work driving her car West on North 6th Street in the city of Abilene, Texas. Her three months' old baby was lying beside her on the front seat of the car. Pine Street, which runs North and South, had two traffic lanes in each direction and the evidence shows that there was a traffic light at the intersection of Pine and North 6th Streets. As Mrs. Jones approached the intersection of North 6th and Pine there was a car directly in front of her proceeding West on 6th Street and another car was behind her. There were no cars proceeding East on 6th Street at or near the intersection. To appellee's left there were two cars on Pine Street facing North waiting for the light to change before crossing the intersection. Appellant Presswood was at the time proceeding South on Pine

Street, and collided with Mrs. Jones while she was in the intersection.

■ The jury found that the traffic signal light at the intersection in question was red for North and South traffic; that Presswood failed to stop for the red light and that such failure was a proximate cause of the collision. Appellant's first six points urge that there was no evidence to support such findings, and that such findings were against the great weight and preponderance of the evidence. These points are overruled. Appellee Mrs. Jones testified that as she approached the intersection going West on North 6th Street and as she entered the intersection the traffic signal light was green; that both she and the car in front of her entered the intersection and neither of them stopped because the light was green; that the light had not turned to yellow prior to the time of the collision; that after the collision appellant got out of his car, came to her car, inquired about her condition and the condition of her baby, and then told her that he was sorry that he had "run the red light". She also testified that two other cars headed North on Pine Street were stopped at the intersection waiting for the light to change before crossing 6th Street. This constituted some evidence that the traffic light at the intersection at the time in question was red for North and South traffic on Pine. There was still other evidence tending to support such findings.

Contrary to appellant's contention the record as a whole does not show that the findings in question were against the great weight and preponderance of the evidence. An illustration of the evidence which appellant urges in support of his contention in this respect is his own testimony that the light was green when he entered the intersection. There was, however, the testimony of the officer who investigated the accident and stated that when he asked appellant about the matter shortly after the time of and at the site of the accident, appellant stated that he did not know "whether the light was green or red". In support of his contention appellant also urges the testimony of a witness who saw the cars collide and testified that he was watching when the collision occurred, and he then looked at the light to "see which way it was" and at that time the light was in the process of changing but that he did not remember whether it was changing from red to green or from green to red. Appellant also particularly urges that there was no evidence as to whether the traffic light was operating properly at the time of the collision, and that in view of the absence of such testimony it can not be concluded that appellant entered the intersection against a red light based solely upon evidence to the effect that appellee was at the time entering the intersection from the East on a green light. Actually the only evidence contrary to the findings complained of was that of appellant to the effect that the light was green at the time he entered the intersection, and this was weakened by his statements to Mrs. Jones and the officer just after the accident. In our opinion there is not only ample evidence to support the findings complained of, but also a consideration of the record as a whole does not show that such findings are against the great weight and preponderance of the evidence.

■ In answer to special issue number 4, the jury found that appellant Presswood failed to keep a proper lookout immediately prior to the collision and in answer to special issue number 5, that such failure by appellant was a proximate cause of the collision. Appellant presents a point urging that the court erred in failing to grant a new trial on the ground that the finding that appellant failed to keep a proper lookout was against the great weight and preponderance of the evidence. We have considered the evidence as a whole and find that the point is not well taken.

■ Appellant urges in other points that there was no evidence to support the finding that his failure to keep a proper look-

out was a proximate cause of the collision and that such finding was against the great weight and preponderance of the evidence. We also overrule these points. Appellant, who was called as an adverse witness, testified that he had just reached the intersection in question when he first saw appellee's car which was then in the intersection. The evidence shows that other cars were also in the intersection going the same way as appellant, and that two other cars headed North on Pine Street were stopped on the South side of 6th Street waiting for the light to change. Appellant testified that he did not see any traffic meeting him and that the only car he saw in the intersection was appellee's car, and that when he saw her the first time she was in front of him in the intersection. Appellant also testified that when the officer who investigated the accident asked him what had happened he replied, "Well, I don't know." The evidence in our opinion supports the finding that appellant's failure to keep a proper lookout was a proximate cause of the collision and the record as a whole does not show that such finding was against the great weight and preponderance of the evidence.

■ The jury found in answer to special issues 6, 7, and 8 that appellant failed to apply his brakes in time to avoid the collision; that such action was negligence and a proximate cause of the collision. We overrule appellant's points contending that there was no evidence to support the findings that his failure to apply his brakes was negligence and that such negligence was a proximate cause of the collision. We also overrule appellant's contention that such findings are against the great weight and preponderance of the evidence. Appellant testified that he had just reached the intersection when he first saw Mrs. Jones' car; that when he saw her car he applied his brakes, but when again asked whether he had reached the intersection at the time, appellant replied: "Well when you have a wreck like that you just don't know whether you—where you are at, right just at the moment." The officer who investigated the accident at the time testified that the only skid mark found by him was a slight one at about the point of the collision. Appellant's points in this connection are overruled.

■ Other special issues (numbers 12, 14 and 19a) were submitted to the jury which inquired (12) whether appellee failed to keep a proper lookout, (14) whether appellee failed to apply her brakes in time to avoid the collision, (19a) whether appellee failed to turn her car to the right or left in time to avoid the collision. The answers to each of these issues was "No". Appellant urges points contending that each of these answers was against the great weight and preponderance of the evidence. We have examined the entire record and find that neither of these points is well taken. Mrs. Jones testified that she looked to the right about the time she entered the intersection and saw the car driven by Mr. Presswood when he "wasn't too far from the light". She further testified that the signal light was green for East and West traffic on 6th Street and that she and the car in front of her proceeded into the intersection with the green light; that two other cars headed North on Pine Street were stopped at the 6th Street intersection waiting on account of the red light. Mrs. Jones testified that she thought appellant Presswood was going to stop and that when she saw that he was not going to stop she tried to speed up to avoid the collision but couldn't do so because of the car in front of her. She also testified that there was another car behind her proceeding in the same direction that she was. It was under these circumstances that Mrs. Jones testified that she didn't do anything but "just drove right on, straight ahead". Appellant's points in this respect as above set out are overruled.

■ In answer to special issue number 21, the jury found the amount of plaintiff's damages resulting from the accident to be the sum of $4,000.00. Appellant urges points

contending that there was no competent evidence to support the finding of the jury in regard to such damages, that such finding was contrary to the great weight and preponderance of the evidence and that the finding was under all the evidence grossly excessive and unjust. The essence of appellant's contention in this respect is concisely stated in his argument to be that appellee has failed to show that the neck and back injuries of which she complained at the time of the trial were caused by or were the result of the collision in question. Appellant urges that the evidence actually fails to show that Mrs. Jones was injured as a result of the collision; that appellee has failed to show that the back and neck injuries of which she complained were caused by or were the result of the collision rather than some other cause. Appellant contends that there is a material gap in the evidence; that the evidence considered to be favorable to appellees leaves open the probability that the injuries of which appellee complains were caused in some manner other than by the collision here involved. Appellant urges that appellee did not testify that her back and neck were hurt in the collision or that they were not hurt at some time prior to the collision; that appellee did not testify whether her injuries might have occurred or might not have occurred after the time of the collision and prior to her visit to Dr. Tull. Appellant points out that Dr. Tull's testimony was simply that Mrs. Jones told him on April 26th that she was in a collision on April 22 which injured her back, knee and neck. Appellant urges that this testimony was hearsay and was no evidence of such facts. Dr. Tull did testify that after he had completed his physical examination of Mrs. Jones, taking into consideration the objective findings he saw, the subjective findings based upon what the patient told him and taking into consideration the x-ray examination, he arrived at a diagnosis of her difficulties; and that it was his opinion that she had a definite injury to the soft structure of her neck and the soft structure of her low back, and that her condition would not get better but would grow worse.

The doctor also testified that, in his opinion Mrs. Jones received her injuries in the wreck. Under the circumstances shown, the testimony of the doctor as to the cause of Mrs. Jones' condition was admissible and properly considered in determining the injuries and resulting damages. Texas Employers' Insurance Association v. Wilkerson, Tex.Civ.App., 199 S.W.2d 288; Powell v. Sanders, Tex.Civ.App., 324 S.W.2d 587.

We have carefully examined the evidence and find that it supports the findings of the jury on the question of damages, and that such finding is not against the great weight and preponderance of the evidence. Mrs. Jones in reply to a question whether she was injured at the time of the collision testified "Yes; my knee and my leg started hurting me at the time it happened." She stated that her husband took her to a doctor's office that day; that the doctor was out of town and she then went home thinking she wasn't hurt too bad, but that she didn't rest all night "So then I went to see another doctor." She testified that she then went to see Dr. Tull who examined her and at that time she could hardly walk; that Dr. Tull gave her some pills for pain and also gave treatments for her back; that it was about six weeks before she was able to go back to work and that she was then unable to work all day; that even at the time of the trial she didn't try to put in a full day's work. Mrs. Jones' husband also testified concerning his wife's injuries as a result of the accident. He stated that she had not had any trouble with her neck and back before the accident and had not missed any work, but that since the accident she has missed work; that she still complains of pain in her back, neck and right leg; that her pain continues both day and night; that she wakes up at night on account of the pain and that he has to rub her back before she can rest. He stated that she had not improved much since the collision.

Appellant's points are all overruled. The judgment is in all things affirmed.