**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURG, PENNSYLVANIA, Appellant,**

v.

**Phillip David GARLINGTON, Appellee.**

**No. 09–85–043 CV.**

Court of Appeals of Texas, Beaumont.

Sept. 5, 1985.

Rehearing Denied Sept. 25, 1985.

Jon Anderson, Lufkin, for appellant.

George E. Chandler, Lufkin, for appellee.

### OPINION

BURGESS, Justice.

This is an appeal in a Workers Compensation case. Phillip David Garlington brought suit as a result of injuries sustained while working on an oil rig in Oklahoma. After a jury trial, he was awarded total and permanent benefits. The insurer brings forth a single point of error, viz:

"The Trial Court erred permitting Garland Picou, a physical therapist, to testify to the cause of thrombophlebitus and its affects on the physical condition of the Plaintiff because Mr. Picou, as a physical therapist, was not qualified to render sophisticated opinions on specific complicated medical theories."

■ The witness, Garland Picou, was shown to be a qualified, experienced physical therapist. A careful examination of Mr. Picou's testimony shows he testified, not as to the cause of the thrombophlebitus, but, as to the ability of Mr. Garlington to perform certain tasks. This testimony was certainly within his area of expertise. The question of the cause of the condition had been more than adequately testified to by two separate medical doctor witnesses. In addition, both prior witnesses had expressed the opinion that Mr. Garlington's condition prevented him from doing the usual tasks of a worker and the condition was permanent. The testimony of Mr. Picou was not error.

■ The appellee has moved this court for an additional ten percent in damages under *TEX.R.CIV.P. 435, 438*, alleging the appeal of the insurer was frivolous and only for delay. This is certainly a matter of discretion for this court and a remedy to be used with great care. Here the appeal can only be classified as "frivolous". Even if the point of error were to be sustained as phrased, a reversal would not have been merited. Mr. Picou's testimony, even if erroneous, was merely cumulative. *Travelers Insurance Company v. Hutchison*, 425 S.W.2d 832 (Tex.Civ.App.—Tyler 1968, no writ), *Aetna Casualty and Surety Company v. Depoister*, 393 S.W.2d 822 (Tex.Civ.App.—Corpus Christi 1965, writ ref'd n.r.e.). We believe the question raised in this appeal was well settled and thus the damages for delay should be assessed. *See Texas Employers Insurance Association v. Thornton*, 556 S.W.2d 393 (Tex.Civ.App.—Fort Worth 1977, no writ). The judgment of the trial court is affirmed with a grant of further damages for delay in the amount of $5,674.10.

AFFIRMED.